**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROGER DAVID ALCOTT,

Plaintiff,

v. Case No. 3:21-cv-308-TJC-MCR

CORIZON, LLC, et al.,

Defendants.

---

# ORDER

On January 29, 2025, the Court granted Defendants Dr. Benjamin Hasty and Advanced Eye Care of Bay County's motion for summary judgment. See Order (Doc. 160). Before the Court is Plaintiff's Reconsideration Motion (Doc. 163; Motion) filed on February 26, 2025. Plaintiff indicates that he files the Motion under Federal Rules of Civil Procedure 54(b) and 59. Id. at 1. On March 18, 2025, Defendants Hasty and Advanced Eye Care filed an untimely Response to Plaintiff's Motion (Doc. 164; Response).[1] Although he did not seek leave to do

[1] See Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion."). Counsel also failed to mail a copy of the Response to Plaintiff and include a proper certificate of service as required by Federal Rule of Civil Procedure 5(d)(1)(B)(i). **Counsel must ensure that all future filings are timely and include a proper certificate of service.**

so, on April 1, 2025, Plaintiff filed a Reply (Doc. 166).[2] Despite the parties' failure to comply with the Federal and Local Rules, the Court will accept the Response and Reply as filed.

Motions for reconsideration under Rule 54(b) are primarily governed by the Court's discretion. Rule 54(b) allows the Court to revise an order "that adjudicates fewer than all the claims . . . at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). A district court should evaluate motions to reconsider under Rule 54(b) "under the standards inherent" in the Rule—"plenary authority to reconsider, revise, alter or amend a non-final order before the entry of final judgment." Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379-80 (11th Cir. 2024) (internal quotation marks and citation omitted). Nevertheless, "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." Id. at 1380. And if a party "simply rehashe[s] arguments already considered and rejected," the "district court typically would not abuse its discretion when rejecting" such a motion. Id. at 1381.

[2] See Local Rule 3.01(d) ("Except for a reply to a motion for summary judgment or a reply brief in a social security case, no party may reply without leave.").

Similarly, Federal Rule of Civil Procedure 59(e) affords the Court discretion to reconsider an order. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citation omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to "reexamine an unfavorable ruling" in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th

Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Here, Plaintiff does not present any newly-discovered evidence or suggest that an intervening change in the law has occurred that would substantively alter the Court's findings. Instead, he simply disagrees with the Court's assessment and analysis of the evidence presented, which is insufficient to warrant reconsideration under either Rule 54(b) or 59(e). Upon review, the Court finds that the Motion is due to be denied to the extent Plaintiff seeks reconsideration of the Court's substantive decision.

The Court, however, will reconsider its determination to withhold judgment. After this Court entered its summary judgment order, the Eleventh Circuit issued an opinion in a case with a similar procedural posture. See Chapman v. Dunn, 129 F.4th 1307 (11th Cir. 2025). In Chapman, an Alabama inmate sued prison officials and Corizon for alleged constitutional violations relating to the inmate's medical care. Id. at 1311. As to Corizon, the district

court stayed the case due to Corizon's ongoing bankruptcy proceedings. Id. at 1314. On the same day, the district court granted summary judgment in favor of all other defendants, "found that there was 'no just reason for delay[,]' and certified its Rule 54(b) judgment as to all the defendants except Corizon." Id. at 1314. The inmate immediately appealed the judgment, and the Eleventh Circuit explained:

> Rule 54(b) provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certifying a final judgment under Rule 54(b) requires "a two-step analysis." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Second, "the district court must then determine that there is no 'just reason for delay' in certifying [the judgment] as final and immediately appealable." Id. (quoting Curtiss-Wright, 446 U.S. at 8). When deciding whether there is "no just reason for delay," the district court must "balance judicial administrative interests and relevant equitable concerns," considering ""the historic federal policy against piecemeal appeals"" along with "hardship or injustice associated with delay." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165-66 (11th Cir. 1997) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

Chapman, 129 F.4th at 1313 (internal citations modified). The Chapman Court found that proceeding with the appeal did not threaten "judicial administrative

interests" because it would not require the Court "to twice consider issues that may arise later" with respect to Corizon:

> [The inmate's] claims against Corizon will ultimately hinge on whether the company had a "policy or custom" that contributed to his alleged constitutional injuries. That question is different from those on this appeal, which involve the statute of limitations and deliberate indifference. If [the inmate] were later to appeal a judgment in Corizon's favor, there is no substantial risk that we would need to rehash the same issues.

Id. at 1314. The Court further found that "equitable concerns" weighed in favor of certifying the judgment under Rule 54(b), because Corizon's bankruptcy proceedings were "ongoing, with no indication that they will conclude anytime soon," the inmate was 60 years old and in "poor health," prolonged delay may lead to "witnesses forgetting events" or otherwise "becoming unavailable to testify," and an "[i]ndefinite delay would also hamper [the inmate's] efforts to seek injunctive relief against [the Commissioner of the Alabama Department of Corrections] for surgery to his right eye." Id. at 1314-15.

Here, as to the first step in certifying a final judgment under Rule 54(b), there is no question that the Court's January 29, 2025 Order granting summary judgment in favor of Defendants Hasty and Advanced Eye Care is a final judgment. As to the second step, the Court now finds there is no just reason for delay. The claims against Corizon do not overlap with the claims against Defendants Hasty and Advanced Eye Care. Whether Corizon can be held liable

under state law for medical malpractice and whether it had a custom or policy that violated Plaintiff's Eighth Amendment rights are different from whether Defendant Hasty's actions amounted to medical malpractice and whether Advanced Eyecare can be held vicariously liable for Hasty's actions. Defendants Hasty and Advanced Eye Care were not involved in Plaintiff's medical care until approximately 1.5 years after Corizon's contract with the Florida Department of Corrections ended. Thus, there is no substantial risk that the Eleventh Circuit would be faced with addressing the same issues twice if two separate appeals occur.

Additionally, some similar "equitable" concerns are present here. Although Corizon's bankruptcy proceeding has progressed since this Court granted summary judgment and the Eleventh Circuit issued its decision in Chapman,[3] the delay caused by Corizon's bankruptcy still will be significant. Plaintiff's claims as to Corizon in this case are in the early stages—indeed, once Corizon's bankruptcy proceeding is concluded, Corizon may seek to reinstate its motion to dismiss.[4] See Order (Doc. 110). If the Court denies the motion to dismiss, then the parties would engage in discovery and dispositive motion

[3] See Doc. 168 at 2 ("According to the Plan, claims, including [Plaintiff's], will be funded over the course of 30 months.").

[4] Corizon argues that Plaintiff's claims are time-barred; the state law claims should be dismissed because Corizon is entitled to immunity under Florida Statute § 768.28; and Plaintiff fails to state a plausible § 1983 claim because he fails to identify a policy of Corizon that caused his blindness. See Doc. 92 at 4-11.

practice. Without a Rule 54(b) certification, Plaintiff may have to wait years to appeal the Court's January 29, 2025 Order. And while Plaintiff and Defendants Hasty and Advanced Eye Care have completed discovery, such a delay "could well risk witnesses forgetting events or . . . otherwise becoming unavailable to testify." Chapman, 129 F.4th at 1315.[5]

Therefore, considering the foregoing, the Court finds no just reason for delay and will direct the Clerk to enter judgment in favor of Defendants Hasty and Advanced Eye Care in accordance with the January 29, 2025 Order. If Plaintiff chooses to do so, he may immediately appeal the entry of judgment.[6] Accordingly, it is

**ORDERED**:

1. Plaintiff's Reconsideration Motion (Doc. 163) is **GRANTED in part and DENIED in part** as follows:

    a. The Motion is **DENIED to the extent** Plaintiff seeks reconsideration of the Court's substantive findings in the January 29, 2025 Order (Doc. 160).

---

[5] Although the record does not contain information on Plaintiff's current medical status, he is now 49 years old.

[6] On appeal, the Eleventh Circuit will "consider the propriety of" this Court's "Rule 54(b) certification sua sponte because such certifications implicate the scope of [the Eleventh Circuit's] appellate jurisdiction." Chapman, 129 F.4th at 1313.

b. The Motion is **GRANTED to the extent** that the Court finds no just reason for delay and directs the **Clerk** to enter judgment in favor of Defendants Hasty and Advanced Eye Care and against Plaintiff in accordance with the Court's January 29, 2025 Order (Doc. 160).

2. The **Clerk** shall send a copy of this Order to Plaintiff via mail and email at the addresses provided below.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2025.




TIMOTHY J. CORRIGAN
Senior United States District Judge

JAX-3 5/23
c:
Counsel of Record

Roger David Alcott
1011 Jamaica Avenue
Fort Pierce, FL 34982
rogeralcott1976@gmail.com